IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


DANNY A. SOLOMON                                                                  PETITIONER

V.                                                          CIVIL ACTION NO.:  1:17CV132-SA-JMV

THE STATE OF MISSISSIPPI and
ATTORNEY GENERAL JIM HOOD                                                       RESPONDENTS


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of inmate Danny Solomon for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Solomon has filed a response in opposition to the motion.  For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed with prejudice.

### Factual and Procedural History

Danny Solomon pleaded guilty to the crimes of sexual battery and burglary in Oktibbeha County Circuit Court Case No. 2009-0157-CR.  Doc. #11-1 at 5-6, 8-11.  On April 19, 2011, the circuit court sentenced Solomon to consecutive terms of seven years' imprisonment for the burglary conviction and twenty years' imprisonment for the sexual-battery conviction, with ten years suspended.[1]  *Id.*

On or about March 5, 2013, Solomon submitted a "Petitio[n] for a Sentence Reduction" in Oktibbeha County Circuit Court Case No. 2013-0121-CVK.  Doc. #11-3.  The motion was

---

[1] An additional charge of kidnapping was retired to the files.  Doc. #11-1 at 2, 7.

dismissed on May 1, 2013. *Id* at 4. According to the dockets of the circuit court, Solomon did not appeal this decision. Docs. #11-1 and #11-2.

Thereafter, Solomon submitted a "Motion for Post-Conviction Collateral Relief" in Oktibbeha County Circuit Court Case No. 2013-0121-CVK that was signed on June 29, 2017 and stamped filed on July 5, 2017. Doc. #11-4. The circuit court dismissed the motion on July 25, 2017. *Id*. at 8. According to the dockets of the circuit court, Solomon did not appeal this decision. Docs. #11-1 and #11-2. [2]

Solomon filed the instant petition on or about August 18, 2017. Although he failed identify the contested judgment(s) in his petition, the Court construed his petition as challenging his sexual battery conviction because of the nature of Solomon's allegations. *See* Docs. #1 and #6.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Solomon also filed a "Petition for Parole Eligibility" in Oktibbeha County Circuit Court in Case No. 2009-0157-CRK on or about August 11, 2016. Doc. #11-5. That motion was denied on September 13, 2016. *Id*. at 7. Solomon has also filed various motions for records, transcripts, and discovery in Case No. 2013-0121-CVK. *See* Docs. #11-2 and #11-6. None of these motions are "properly filed application[s]" for post-conviction relief under 28 U.S.C. § 2244(d)(2), and they have no bearing on the timeliness of the federal habeas petition before the Court.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## **Analysis**

By statute, there is no appeal from any guilty plea taken after July 1, 2008. Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."); *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). Therefore, Solomon' judgments of conviction became final on April 19, 2011, the date on which he was sentenced on his guilty pleas.[3] Accordingly, absent statutory or equitable tolling, Solomon's petition for federal habeas relief was due on or before April 19, 2012, to be deemed timely.

While Solomon filed numerous state court pleadings **after** April 19, 2012, he did not file any post-conviction motions in State courts **prior to** the expiration of the federal limitations

---

[3] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

deadline.[4] *See, e.g.,* Doc. #11-2. Therefore, even if Solomon's post-judgment motions could be considered "properly filed" applications for post-conviction relief under the provisions of the AEDPA, they were all filed too late to toll the federal limitations deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding state habeas application did not toll federal imitations period where state application was not filed until after expiration of federal deadline). Accordingly, statutory tolling is not applicable in this case.

Solomon did not date his federal habeas petition. However, the envelope in which his petition arrived is postmarked August 18, 2017, and the petition was filed in this Court on August 21, 2017. Accordingly, the Court treats the petition as filed on August 18, 2017. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Therefore, Solomon's federal habeas petition was filed more than five years after the AEDPA deadline.

Because his petition is untimely, federal habeas relief is available to Solomon only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder*, 204 F.3d at 170-71 (citations omitted). This exception "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Solomon maintains that the federal deadline should be tolled due to his unfamiliarity with the law. However, the Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." *Turner*

---

[4] For instance, Solomon filed a motion for sentence reduction on March 8, 2013 [11-3], a post-conviction application on June 29, 2017 [11-4], a petition for parole eligibility [11-5] on August 11, 2016.

4

*v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (internal citation omitted). Accordingly, Solomon is not entitled to equitable tolling based on his ignorance of the law.

Solomon also alleges that the Court should overlook his tardiness in filing the instant petition and review it based on his innocence of the crime of conviction. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The requirement of "proof" is not met, however, unless the petitioner "support[s] his allegations of constitutional error with new reliable evidence —whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Therefore, in order to have a viable actual-innocence gateway claim, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928.

In this case, Solomon alleges only that biological evidence exists that can be subjected to DNA testing. Doc. #1. He has not produced any new, reliable evidence to support his claim that he is actually innocent of the crimes to which he pleaded guilty.[5] Therefore, the Court finds that Solomon has not made a convincing showing of actual innocence, and he may not rely upon the actual innocence exception to overcome the time bar.

---

[5] The Court otherwise notes that in alleging that his encounter with the victim was consensual, *see, e.g.,* Doc. #12 at 2, Solomon implicitly concedes that testing of the DNA evidence would not otherwise exclude him as a contributor of the evidence.

## Evidentiary Hearing

Additionally, Solomon requests that this Court hold an evidentiary hearing on his claims. Doc. #1 at 16. Evidentiary hearings are governed by 28 U.S.C. § 2254(e)(2), which states as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The U.S. Supreme Court has held that "[p]rovisions like §§ 2254(d)(1) and (e)(2) ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) (citing *Williams v. Taylor* 529 U.S. 420, 437 (2000)).

In order to hold an evidentiary hearing on a claim that could have been developed in State court proceedings, the claim must have either rely on a new rule of constitutional law, which has expressly been made retroactive to cases on collateral review, or the factual predicate of the claim could not have been previously discovered with due diligence. 28 U.S.C. § 2254(e)(2)(A). Furthermore, the applicant must show that the proffered facts underlying the claim "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

The Court finds that Solomon has failed to demonstrate that an evidentiary hearing is warranted in this case.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Solomon must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). This Court may only grant a COA if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because of the procedural ruling in this case, Solomon must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## Conclusion

Solomon's petition is untimely, and no exception is applicable. Therefore, Respondents' "Motion to Dismiss" [11] is **GRANTED**, and the petition filed in this cause is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this 18th day of December, 2017.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**